UNITED STATES of America, Appellee,

v.

Miguel PINALES, aka "Arepita," Luis Moreno, aka "Morenito," Volario Soriel, Edwin Garcia, aka "Nelson," Defendants,

Paul Williams, aka "Bubu," Defendant–Appellant.

No. 01–1040.

United States Court of Appeals, Second Circuit.

July 11, 2001.

David D. Lewis, New York, NY, for appellant.

Jonathan Etra, Assistant United States Attorney; Steven R. Peikin, Assistant United States Attorney, on the brief, for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for appellees.

Present MINER and LEVAL, Circuit Judges, RAKOFF, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant appeals from a judgment of conviction, entered after a trial by jury, on one count of conspiracy to distribute more than 50 grams of cocaine base between 1995 and July 1998, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), & 846, and on one count of distribution of, and possession with intent to distribute, more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). Defendant contends that the district court abused its discretion in admitting evidence that the defendant and other members of his drug-selling organization possessed firearms; that the district court erred in giving an improper multiple conspiracy charge; and that the district court erred in its answer to a note from the jury. We reject all three arguments.

Evidence that other members of the defendant's drug-selling organization possessed firearms was admissible if it was relevant and if its probative value was not substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 401 & 403. Evidence that Williams himself possessed a firearm was admissible under Federal Rule of Evidence 404(b) if it satisfied these two requirements and also was advanced for a purpose other than to show propensity. *See United States v. Williams,* 205 F.3d 23, (2d Cir .), *cert. denied,* —— U.S. ——, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000). We review a district judge's evidentiary rulings for abuse of discretion. *See United States v. Payton,* 159 F.3d 49, 59 (2d Cir.1998).

Under these standards, the district court acted within its discretion to admit the evidence of firearm possession. Evidence that other members of the organization possessed firearms was properly admitted to help establish the existence of the charged conspiracy. And because Williams contended at trial that he did not participate in the charged drug sales even though he was present when they were made, evidence that Williams himself pos-

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

sessed a firearm was properly admitted as tending to establish his active and intentional participation in the charged conspiracy.

██ The district court also gave a proper multiple conspiracy charge. Defendant did not object to the charge; indeed, defense counsel expressly stated that he had "no objection" and that the district court had given "the proper formulation" of the charge. Accordingly, we review the district court's charge for plain error. *See United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir.2000). Here, however, we see no error at all. Judge Keenan properly instructed the jury that it had "heard evidence of the existence of other conspiracies," and that in order to convict, it would have to find that the defendant "was a member of the conspiracy charged in the indictment."

██ Finally, in response to a note from the jury asking whether the jury could consider defendant's 1997 guilty plea on state drug charges as evidence of defendant's guilt on the conspiracy charge, the district court explained that the jury could find that the events underlying the 1997 guilty plea were part of the charged conspiracy only if it found that the other man involved in those events was one of the conspirators in the conspiracy charged in the indictment, and that otherwise the jury could consider the guilty plea only as evidence of the defendant's knowledge and intent. There was no error in this response.